Daniel L. Reinganum, Esquire
McDowell Law, PC
46 West Main Street
Maple Shade, NJ 08052
Phone 856-482-5544
Fax 856-482-5511
danielr@mcdowelllegal.com
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| In Re: | Case No.: 21-13085-ABA |
|---|---|
| **Choates G. Contracting, LLC** | Hearing Date: |
| Debtor(s). | Chapter 11 |
| | Judge: Altenburg |

**SUPPLEMENTAL CERTIFICATION OF PROFESSIONAL IN SUPPORT OF APPLICATION FOR RETENTION AS SPECIAL COUNSEL**

I, Brad Sclar, Esq., do hereby certify as follows:

1. I am proposed special counsel to the Debtor and I make this certification in support of that application.

2. Following the filing of my application for retention, the United States Trustee's Office and Drexel Properties, GP / Philly Properties, GP by and through their counsel submitted unofficial objections to the retention of me as special counsel to the Debtor as well as personal counsel to the principal of the Debtor.   This statement is submitted to address those concerns.

3. Prior to the filing of the instant bankruptcy case, I had no contact with the Debtor or Darrell Choates, Sr., the principal of the Debtor.   They were referred to me by Daniel Reinganum, the Debtor's bankruptcy counsel in connection with his retention for this Chapter 11 case.

4. Prior to the filing of the Debtor's bankruptcy case, the Debtor was involved in two construction projects that had problems and resulted in Philly Properties, GP filing a lawsuit against the Debtor and Drexel Properties, GP filing a lawsuit against the Debtor and Mr. Choates.

5. Procedurally, the Philly Properties, GP suit arose out of an arbitration which was decided adversely to the Debtor.   The Debtor appealed the arbitration award to the Court of Common Pleas (trial court level in Pennsylvania), which confirmed the arbitration award. The Debtor appealed that to the Superior Court (appeals court level in Pennsylvania), but that appeal appears to be procedurally stopped.

6. The Drexel Properties, GP suit has a more complicated procedural posture.   The Drexel Properties, GP suit was commenced against the Debtor (and without any contractual

    support for such a maneuver – Mr. Choates as well) on breach of contract, conversion, unjust enrichment, fraud, and violations of the NJ Consumer Fraud Act.

7. Procedurally, the Debtor has filed an answer in the Drexel Properties, GP suit and the matter is stayed as to the Debtor at this moment. The Court entered default against Mr. Choates and set the matter up for a hearing. I have requested that the default against Mr. Choates be vacated so that the matter may be litigated on the merits – that motion is currently pending.

8. It appears to me that all of Drexel Properties, GP's claims against Mr. Choates are derivate of their claims against the Debtor. As such there will be significant cost savings to the Debtor and Mr. Choates if one attorney is able to do the work and thereby avoid duplication of work.

9. It has been alleged (By Philly Properties / Drexel Properties) that there is a potential conflict of interest between the Debtor and Mr. Choates in that Choates seeks to retain 122 Danton Lane while it is allegedly in the Debtor's best interest to sell the property. This allegation misses the point – in this matter, it is in both the Debtor and Mr. Choates' best interests to minimize the amount owed to Philly Properties / Drexel Properties.

10. Moreover, the Debtor has its own counsel in McDowell Law, PC to safeguard the Debtor.

11. I have been retained separately by the Debtor and by Mr. Choates – separate retainer agreements and separate billing records. I will not bill the Debtor for work performed solely on behalf of Mr. Choates. I will split and prorate time between the Debtor and Mr. Choates for work that has a joint benefit, and I will only bill the Debtor for work performed solely for the benefit of the Debtor.

12. Given all of the above, I believe that there will be a cost savings to the Estate by allowing me to represent the Estate and Mr. Choates simultaneously, and that there is only a potential conflict of interest between the Estate and Mr. Choates – not an actual conflict of interest that should lead to disqualification under *In re: Marvel Entertainment Group, Inc.* 140 F.3d 463.

I certify that the foregoing statements are true under penalty of perjury.

Date:     May 18, 2021     BY:     /s/ Brad Sclar
                                                                              Brad Sclar